UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10601-RWZ

NINA SHERVIN, M.D.

v.

PARTNERS HEALTHCARE SYSTEMS, INC., *et al.*

MEMORANDUM OF DECISION

December 15, 2010

ZOBEL, D.J.

Plaintiff Nina Shervin, a doctor who completed the Harvard Combined Orthopaedic Residency Program ("HCORP"), sues Harvard Medical School ("HMS"); an employer during her residency, Partners Healthcare System, Inc. ("Partners"); the Director of Residency Training for HCORP, Dr. James Herndon; the Chief of the Orthopedics Department at Massachusetts General Hospital ("MGH"), Dr. Harry E. Rubash; and an employer of Drs. Herndon and Rubash, the Massachusetts General Physicians Organization ("MGPO"), for gender discrimination and retaliation under state and federal law. HMS and Dr. Rubash move separately to dismiss.[1]

Both movants raise a Twombly challenge, asserting that certain claims lack sufficient factual support in the complaint, but the complaint contains more than sufficient factual allegations to suggest a plausible entitlement to relief. Bell Atlantic

---

[1]The motions to dismiss were filed in response to the original complaint. The amended complaint contains fewer claims, but is otherwise substantially identical. Dr. Herndon filed a motion to dismiss claims in the original complaint which are not pled in the amended complaint.

Corp. v. Twombly, 550 U.S. 544, 556 (2007).  HMS also argues that several claims fail as a matter of law, but these arguments, with one exception, turn on disputed facts, most significantly the timing of various events and the relationship between the parties.

The sole exception is HMS' argument that Mass. Gen. Laws 151C does not protect a medical resident such as plaintiff.  The 151C private right of action extends only to "[a]ny person seeking admission as a student to any educational institution, or enrolled as a student in a vocational training institution."  Mass. Gen. Laws. ch. 151C § 3.  A "vocational training institution" has a "primary purpose" of offering "technical, agricultural, business or trade courses or courses of study leading to employment in recognized trades or occupations," as opposed to an "educational institution," which includes, as examples, "business schools, academies, colleges, and universities."  Id. at § 1.  Plaintiff is not seeking admission to HMS, and HMS is not a vocational training institution.  The court notes that this interpretation does not thwart the remedial intent of 151C because plaintiff, as a medical resident, is an employee of Partners and, perhaps, HMS, and is therefore entitled to the protections set forth in Mass. Gen. Laws ch. 151B.

The HMS motion to dismiss (Docket # 10) is ALLOWED as to Count 7, the 151C claim, and DENIED as to all other counts.  Defendant Herndon's motion to dismiss (Docket # 27) has been mooted by the Amended Complaint.  Defendant Rubash's motion to dismiss (Docket # 31) has been mooted as to Count 13, and it is DENIED as to Count 20 of the Amended Complaint.  Plaintiff's motions for leave to file excess pages (Docket # 34) and to amend the complaint (Docket # 37) are ALLOWED.

| December 15, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |